IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| UNITED STATES, § | |
| § | |
| § | Cr. No. C-04-39 |
| v. § | |
| § | |
| MICHAEL EUGENE SANCHEZ. § | |

**MEMORANDUM OPINION AND ORDER
DENYING AS MOOT MOTION FOR
<u>CORRECTION OF PRESENTENCE INVESTIGATION REPORT</u>**

Michael Eugene Sanchez ("Sanchez") was convicted after a jury trial and sentenced by this Court. (D.E. 25, 32). Judgment in his criminal case was entered on June 29, 2004. (D.E. 33). He appealed and the Fifth Circuit affirmed in a per curiam opinion issued April 12, 2006. (D.E. 81.) He filed a petition for writ of certiorari, which the Supreme Court denied on October 2, 2006. (D.E. 88.)

On October 9, 2007, the Clerk received from Sanchez a *pro se* motion titled as a "Motion for Correction of Presentence Investigation Report." (D.E. 89.) In it, he claims that the Bureau of Prisons has taken the position that he is ineligible for the 500-hour drug treatment program (and also apparently ineligible for the reduction in sentence some inmates receive for participation in the program). According to Sanchez, the reason for his ineligibility is that his Presentence Investigation Report ("PSI") reflects that he should receive a two-level enhancement for obstruction of justice. He thus asks that the Court

1

order the removal of the references to the obstruction enhancement from his PSI. (D.E. 89 at 3.)

Sanchez is correct that the obstruction of enhancement adjustment was not applied by this Court at sentencing. Both the minutes from sentencing (D.E. 32) and the sentencing transcript (D.E. 65, Sentencing Transcript ("S. Tr.") at 7-8, 13) are clear that the Court did not apply the enhancement in Sanchez's case. Indeed, at the conclusion of the sentencing, the Court explicitly ruled: "The Pre-sentence Report is adopted except for the obstruction of justice and so that wouldn't modify the guidelines as suggested." (S. Tr. at 13.)

The PSI does not need to be physically amended, however, because the Court did not adopt the obstruction enhancement. It is not the practice of this Court or its Probation Office to physically alter the PSI to reflect the Court's rulings at sentencing; moreover, it is unnecessary. Thus, Sanchez's motion is DENIED AS MOOT. To the extent that Sanchez wants "evidence" that the enhancement was not applied to show the Bureau of Prisons, however, the Clerk is directed to mail a copy of the sentencing minutes (D.E. 32) and sentencing transcript (D.E. 65) to Sanchez with a copy of this order.

Finally, the Court is unaware of any reason – and Sanchez has not pointed to one – why the obstruction of justice enhancement, even if it had been applied would render Sanchez ineligible for participation in the BOP's drug treatment program or for early release. (See, e.g., BOP's Program Statement 5330.10 at 6.1 and 6.1.1 (listing early release qualifications and containing no disqualification as a result of an obstruction of justice

enhancement.)  Nonetheless, if Sanchez wishes to challenge the BOP's calculation of his sentence or release date, he may file a petition for habeas corpus pursuant to 28 U.S.C. § 2241 after properly exhausting his administrative remedies with the BOP.  See Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000) (a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is the appropriate vehicle through which "a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration") (citations omitted); United States v. Gabor, 905 F.2d 76, 77-78 n.2 (5th Cir. 1990); see also United States v. Wilson, 503 U.S. 329, 335 (1992) (the law requires that a defendant exhaust available administrative remedies through the Bureau of Prisons before litigating in federal court the matter of computation of sentence).

## CONCLUSION

For the foregoing reasons, Sanchez's motion for correction of the Presentence Investigation Report (D.E. 89) is DENIED AS MOOT.  Additionally, the Clerk is directed to mail copies of docket entries 32 and 65 to Sanchez with his copy of this Order.

It is ORDERED this 6th day of November, 2007.

_____
HAYDEN HEAD
CHIEF JUDGE

3