IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES, | § | |
| | § | |
| | § | Cr. No. C-04-39 |
| v. | § | |
| | § | |
| MICHAEL EUGENE SANCHEZ. | § | |

**MEMORANDUM OPINION AND ORDER DENYING MOTION
FOR EXTENSION OF TIME TO FILE MOTION UNDER 28 U.S.C. § 2255**

Michael Eugene Sanchez ("Sanchez") was convicted after a jury trial and sentenced by this Court. (D.E. 25, 32). Judgment in his criminal case was entered on June 29, 2004. (D.E. 33). He appealed and the Fifth Circuit affirmed in a per curiam opinion issued April 12, 2006. (D.E. 81.) He filed a petition for writ of certiorari, which the Supreme Court denied on October 2, 2006. (D.E. 88.)

On October 29, 2007, the Clerk received from Sanchez a *pro se* motion for extension. (D.E. 90.) In it, he requests a 60-day "extension of time" to file a motion pursuant to 28 U.S.C. § 2255. He claims that his court-appointed counsel advised him that he had until November 1, 2007 to file a § 2255 motion. He further explains that his lack of legal knowledge, his inability to retain an attorney to file a § 2255 and the fact that he has had to rely on other inmates for legal work, all preclude him from filing a timely § 2255 motion.

1

As an initial matter, Sanchez is most likely incorrect that he has until November 1, 2007 to file a § 2255 motion. A motion made under § 2255 is subject to a one-year statute of limitations, which, in most cases, begins to run when the judgment becomes final. 28 U.S.C. § 2255. The Fifth Circuit and the Supreme Court have held that a judgment becomes final when the applicable period for seeking review of a final conviction has expired. Clay v. United States, 537 U.S. 522, 532 (2003); United States v. Gamble, 208 F.3d 536, 536-37 (5th Cir. 2000) (*per curiam*).

In this case, Sanchez's conviction became final when the Supreme Court denied his petition for certiorari, which was on October 2, 2006. (See D.E. 88.) Thus, he had one year from that date, or until October 2, 2007, to file his § 2255 motion, as calculated under 28 U.S.C. § 2255(1).

The statute also provides certain alternative dates upon which the limitations period may begin, see 28 U.S.C. § 2255(2)-(4) and is also subject to equitable tolling "in rare and exceptional cases." United States v. Riggs, 314 F.3d 796, 799 (5th Cir. 2002) (quoting Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998)).

In any event, while equitable tolling and statutory tolling are available in certain limited circumstances, the Court cannot consider a motion for extension or for tolling without a § 2255 motion before it. See United States v. Shipman, 61 Fed. Appx. 919 (5th Cir. 2003) (affirming the district court's denial of a motion for extension of time to file a § 2255 motion, and agreeing with the reasoning of United States v. Leon, 203 F.3d 162 (2d

Cir. 2000) that "a federal court lacks jurisdiction to consider the timeliness of a § 2255 petition until a petition is actually filed" because "[b]efore the petition itself is actually filed, 'there is no case or controversy to be heard, and any opinion we were to render on the timeliness issue would be merely advisory.'").

Accordingly, if Sanchez wishes to file a § 2255 motion, he should do so as soon as possible. Once filed, the Court will have the jurisdiction to determine whether it should be deemed timely filed. The Court reaches no conclusions herein as to whether Sanchez would be entitled to any tolling, so as to deem any future motion timely. The Court will address the timeliness of any § 2255 motion filed by Sanchez after it is filed. Until that time, the Court lacks jurisdiction to entertain a motion for jurisdiction. See Shipman, supra.

## CONCLUSION

For the foregoing reasons, Sanchez's motion for extension (D.E. 90) is DENIED.

It is ORDERED this 26th day of November, 2007.

_Hayden Head_
HAYDEN HEAD
CHIEF JUDGE